# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action 2:08-cr-00181 |
| v. | : | Judge James L. Graham |
| NICKI BEERMAN, | : | Magistrate Judge E.A. Preston Deavers |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

In an order filed February 21, 2012, the Honorable James L. Graham, United States District Judge, referred this case to the undersigned for the purpose of conducting a final supervised release revocation hearing. The hearing was held February 23, 2012. For the reasons set forth on the record during the hearing, it is **RECOMMENDED** that Defendant be sentenced to a period of eight (8) months of incarceration, during which it is recommended that Defendant receive intensive drug addiction treatment, and that the term of imprisonment be followed by two years of supervised release with the following special conditions: (1) participate in substance abuse counseling, including random drug testing; (2) participate in mental health counseling and follow the recommendations of her mental health provider; and (3) participate in a long-term residential community-based treatment facility and follow all the rules and regulations of that facility. This written Report and Recommendation memorializes and summarizes the findings and conclusions the undersigned recommended during the hearing.

The parties did not present evidence. The parties had no objections to the factual statements contained in the Supervised Release Violation Report. The undersigned, therefore, adopted the factual statements set forth therein as the Court's finding of fact. Defendant stipulated to the violation of supervised release described in the Report. Specifically, Defendant conceded that she violated special condition Number 3 of her supervised release, namely that she participate in a testing and treatment program for controlled substances, and that on February 2, 2012, she was discharged from Maryhaven's inpatient program due to manipulative behavior and being dishonest with treatment staff.

The parties had no objections to the probation officer's conclusions regarding the application of the United States Sentencing Guidelines. The Court, therefore, adopted the conclusions and determined the applicable advisory Guidelines as follows:

> Classification of Violation per §7 B1.1(a)(3):  Grade  C
>
> Criminal History Category at time of original sentence: Category  I
>
> Imprisonment Range:   3 to 9 months imprisonment
>
> Because Ms. Beerman was convicted of a Title 21 offense, there is no maximum period of Supervised Release

The Court heard arguments of counsel. Defense counsel spoke to mitigation, arguing for home confinement so that Defendant could attend to the needs of her children. Defendant spoke on her own behalf, and indicated among other things that, when motivated, she could stay off drugs; that she had been "on paper" with probation for more than two years (which she described as being required to do what her probation officer had suggested); and that she knew what was best for herself.

The undersigned considered the factors set forth in 18 U.S.C. § 3553(a). As set forth on the record, the undersigned recognized that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the law. In considering the nature and circumstances of the offense and the history and characteristics of the Defendant during supervision, the undersigned noted Defendant's long history of suffering from drug addiction. But, the undersigned also noted the multiple opportunities this Court has afforded the Defendant, including her original sentence on the underlying charge of conspiracy to distribute heroin, for which she could have received multiple years of imprisonment. Instead, she received virtually no prison time with the unequivocal expectation that she would actively participate in drug treatment. Again, the Court has given Defendant numerous chances to address her substance abuse issues, and she has plainly not been able to adjust in the community. The Probation Office has simply exhausted its resources trying to supervise her through these violations of supervision. In terms of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and deterrence, the undersigned noted that Defendant must be held accountable for her unacceptable behavior. She has continued to use and obtain illicit drugs from illegal sources. The undersigned indicated that this proposed sentence protects the public, which the undersigned emphasized includes this Defendant and her family, from further crimes of Defendant when she uses and buys illegal drugs. And, perhaps most importantly to this Court, the sentence must provide the defendant with needed treatment to address her addictions which she has been unable to do by herself in the community.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATE:  February 27, 2012               /s/ *Elizabeth A. Preston Deavers*
                                                                   **ELIZABETH A. PRESTON DEAVERS**
                                                                   **UNITED STATES MAGISTRATE JUDGE**